UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN EVERETT DAVIS and DIANE DAVIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 3:24-CV-857-PPS-JEM ) ) |
| FREIGHTLINER CUSTOM CHASSIS CORPORATION, *et al.*, | ) ) ) |
| Defendants. | |

## **OPINION AND ORDER**

This matter is before the court on Defendant Thor Motor Coach, Inc.'s Motion to Dismiss Count Two of Plaintiffs' Complaint. [DE 24]. For the reasons stated below, Thor's motion to dismiss will be granted.

### **Background**

In September 2023, Plaintiffs, John and Diane Davis, purchased a new 2024 Aria 4000 RV for approximately $317,477.70 from General RV Center in Ashland, Virginia. [DE 1 at 3]. Shortly after buying their new RV, Plaintiffs discovered a myriad of problems with the motor home. These issues included oil leaks from the engine, an ineffective water pump, a non-functional washing machine, problems with electrical outlets in the kitchen, and other issues throughout the RV. [*Id*. at 3-4]. In October 2023, the Davises took their RV to a General RV Center in Elizabethtown, PA to try and fix these issues. The RV remained in the repair shop from October 6 to October 25, 2023.

Once it was out of the shop, the Davises took their RV on a weekend camping trip from October 26-29, 2023. [*Id*. at 4]. While on the camping trip they experienced more issues with the RV and again scheduled to take it in for repair.

On November 3, 2023, the Davises, again, took their RV to the General RV Center to try to get it repaired. [DE 1 at 4]. It remained in the shop until April 27, 2024 – 176 days – and none of the repairs were completed. [*Id*.] Throughout July and September of 2024, the RV was taken to different Freightliner locations in Maryland and Pennsylvania where repair attempts were made. Despite repeated repair attempts the defects have persisted and the RV is unusable and unsafe. [*Id*. at 5]. Plaintiffs say they have made repeated demands for repair or replacement under the warranty, which Defendants have failed to satisfy, thereby breaching the express and implied warranties. [*Id*.]

In October 2024, Plaintiffs filed this suit against Defendants Freightliner Custom Chassis Corporation ("Freightliner") and Thor Motor Coach, Inc. ("Thor") alleging a violation of the Magnuson Moss Warranty Act 15 U.S.C. § 2301 *et seq.* and the Virginia Motor Vehicle Warranty Enforcement Act ("Virginia Lemon Law") Virginia Code § 59.1-207.11 *et seq*. Plaintiffs state that their motor home was manufactured by Thor and contains a chassis manufactured by Freightliner. [*Id*. at 3].

Thor has moved to dismiss Count II of the Davises' complaint, the Virginia Lemon Law Claim, arguing that Thor is not covered by Virginia's Lemon Law. [DE 24; DE 25].

2

**Discussion**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, all well-pleaded facts in the complaint are taken as true and all reasonable inferences from those facts are drawn in the plaintiff's favor. *See e.g.*, *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022); *Cirrus ABS Corp. v. Strategic Am., Inc.*, 2024 WL 4554021, at *2 (N.D. Ind. Oct. 22, 2024). However, the allegations in the complaint must suggest a right to relief that rises above a "speculative level" and if they do not, the plaintiff pleads itself out of court. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

In its motion to dismiss Count II of Plaintiffs' complaint, Thor argues that, as the manufacturer of only the home component of the RV, it is not covered by Virginia's Lemon Law. More specifically, Thor claims only the manufacturer of a "motor vehicle" is covered by Virginia's Lemon Law and that the component of the RV it manufactures does not qualify as a "motor vehicle" under the statute. [DE 25 at 2]. Virginia's Lemon Law states:

> Motor Vehicle means *only* passenger cars, pickup or panel trucks, motorcycles, autocycles, self-propelled motorized chassis of motor homes and mopeds as those terms are defined in § 46.2-100 and demonstrators or leased vehicles with which a warranty was issued.

Va. Code Ann. § 59.1-207.11. (emphasis added).

3

As explained in Thor's motion to dismiss, by prefacing the definition of motor vehicle with the word "only" the Virginia General Assembly intended to limit coverage of the Virginia Lemon Law to the vehicles listed in the definition of motor vehicle. [DE 25 at 3]. In support of its position, Thor aptly cites several cases from federal courts in Virginia interpreting Virginia's Lemon Law and holding that the law does not apply to Thor. [DE 25 at 4]. *See Waterman v. Thor Motor Coach, Inc.*, 2020 WL 1290595, at *4 (E.D. Va. Mar. 18, 2020) (explaining that the Virginia lemon law does not cover Thor as Virginia's lemon law attaches liability to motor home defects <u>only</u> with respect to the motor home's self-propelled motorized chassis); *Burke v. THOR Motor Coach, Inc.*, 113 F. Supp. 3d 863, 870 (E.D. Va. 2015) (explaining that Virginia's lemon law only applies to the motorized chassis of a motor home and because Thor did not manufacture the chassis, Plaintiffs cannot hold Thor liable under the lemon law). This district has also held that Virginia's Lemon Law does not apply to Thor. *See Piper v. Ford Motor Co.*, 2025 WL 1082470, at *2 (N.D. Ind. Apr. 10, 2025) (explaining that Plaintiffs have failed to state a claim against Thor as the VMVWA only creates liability for the manufacturer of a motorhome's chassis).

In response, Plaintiffs state that "[t]here is no evidence before the Court to determine if Thor Motor Coach, Inc. is in the business of manufacturing or assembling motor vehicles." [DE 29 at 3]. However, Plaintiffs have already alleged that Freightliner manufactured the chassis and Virginia's Lemon Law only considers the chassis of a motor home as a motor vehicle. *See Piper*, 2025 WL 1082470, at *2 (explaining that an

4

argument that Thor's role in manufacturing the motor vehicle is unclear contradicts Plaintiffs 'own allegation that the chassis was manufactured by another party).

Considering the plain language of Virginia's Lemon Law as well as the interpretation of the statute by federal courts in this district and in Virginia, the Court is convinced that Virginia's Lemon Law applies only to the motorized chassis of motor homes. Because Thor did not manufacture the chassis, it cannot be held liable under Virginia's Lemon Law.

**ACCORDINGLY**:

Thor's Motion to Dismiss Count Two of Plaintiffs' Complaint [DE 24] is **GRANTED**. Count II of Plaintiffs' Complaint, the Virginia Lemon Law Claim, is **DISMISSED** only as to Thor Motor Coach, Inc. Count II remains pending against Freightliner Custom Chassis Corporation.

**SO ORDERED**.

ENTERED:  May 5, 2025.

      /s/ Philip P. Simon
      PHILIP P. SIMON, JUDGE
      UNITED STATES DISTRICT COURT